## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA PEREFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-25-00383-JD[1] |
| | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY, AMERICAN STRATEGIC | ) | |
| INSURANCE CORPORATION, and | ) | |
| ANDREW J. SCHWANE, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendant Progressive Casualty Insurance Company's Motion to Dismiss ("Motion"). [Doc. No. 16]. The Motion seeks dismissal of Plaintiff's complaint for failure to satisfy federal pleading standards under Federal Rules of Civil Procedure 12(b)(6) (as interpreted by *Iqbal/Twombly*)[2] and 9(b). The Court notes that even if it granted Defendant's Motion, the claims would likely be dismissed *without* prejudice, and Plaintiff would likely be permitted an opportunity to amend and "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

---

[1] All filings in this case should reflect Judge Jodi W. Dishman as the assigned judge by utilizing the correct judge initials JD at the end of the case number. Future incorrect filings will be stricken.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Without expressing any view on the merits of the Motion, the Court affords Plaintiff an opportunity to cure the purported pleading defects by filing an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1)(B). Parties should work in good faith to avoid unnecessary motion practice. An amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief" against the defendant. *Iqbal*, 556 U.S. at 679; *Robbins*, 519 F.3d at 1250. And, if claims would fail under the law as cited in the Motion, Plaintiff should not attempt to allege in an amended complaint any claims that could not be plausible or otherwise meet the pleading standards. *See* Fed. R. Civ. P. 11(b)(2).

If Plaintiff timely files an amended complaint, the Court will deny the Motion as moot. If Plaintiff does not timely file an amended complaint, the Court will decide the Motion upon completion of the briefing. Nothing in this Order changes Plaintiff's response brief deadline. *See* LCvR7.1(g).

IT IS SO ORDERED this 17th day of April 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE