IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA PEREFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-25-00383-JD |
| | ) | |
| AMERICAN STRATEGIC INSURANCE CORPORATION, and ANDREW J. SCHWANE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Linda Pereff's ("Plaintiff") Motion to Remand ("Motion"). [Doc. No. 19]. Defendant American Strategic Insurance Corporation ("American Strategic") filed a Response. [Doc. No. 24]. Plaintiff filed a Reply. [Doc. No. 25]. For the reasons outlined below, the Court denies the Motion.

**I.      BACKGROUND**

Plaintiff had a replacement cost insurance policy with American Strategic covering her property in Tulsa. [Doc. No. 18 ¶¶ 9(a), 9(b)]. Plaintiff had a $348,000 policy limit for the property with a $2,500 wind and hail deductible. [*Id.* ¶ 9(b)]. On May 21, 2024, a wind and hailstorm damaged the Insured Property. [*Id.* ¶ 9(d)]. Plaintiff submitted a claim to American Strategic. [*Id.* ¶ 9(e)].

Defendant Andrew J. Schwane ("Schwane"), acting as an independent/third-party adjuster engaged by American Strategic, inspected the Insured Property. [*Id.* ¶ 9(f)]. The damage estimate prepared by Schwane included damage to the roof soft metals (i.e., rain

cap, roof vent, and gutter/downspout) and "spot-repairs" of individual shingles. [*Id.* ¶ 9(h)]. Plaintiff alleges that Schwane manipulated the estimate for the damage to fall below Plaintiff's deductible. [*Id.*]. American Strategic denied the claim and attributed the damage to losses not covered under Plaintiff's policy, including "granule loss to the roof due to wear and tear over time." [*Id.* ¶ 9(i)].

After a request for reinspection by Plaintiff, Schwane later reinspected the Insured Property with a supervisor. [*Id.* ¶¶ 9(m), 9(n)]. Schwane found no additional hail damage, and American Strategic again denied and closed Plaintiff's claim. [*Id.* ¶ 9(n)].

Plaintiff initiated this case in the District Court for Oklahoma County against American Strategic and Schwane. [Doc. No. 1-3 at 5].[1] American Strategic removed the action to this Court, based upon diversity jurisdiction, alleging that Plaintiff fraudulently joined Schwane as a defendant for purposes of destroying diversity between the parties. [Doc. No. 1]. Plaintiff filed an Amended Complaint. [Doc. No. 18]. Plaintiff's Amended Complaint includes claims of constructive fraud/negligent misrepresentation and gross negligence against Schwane. [*Id.* ¶¶ 24–44]. Plaintiff moves the Court to remand this case to state court. [Doc. No. 19].

## II. STANDARD OF REVIEW

### A.  Diversity Jurisdiction

A case generally may be removed to federal court if it is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction

---

[1] The Court uses the page numbers from the top of the CM/ECF documents on this Court's docket.

2

includes disputes between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" among the parties, meaning the citizenship of all defendants must be different from the citizenship of all plaintiffs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

A party invoking diversity jurisdiction—here, American Strategic—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Because federal courts are limited tribunals, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed." *Pritchett v. Off. Depot Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

### B. Fraudulent Joinder

The Supreme Court has long recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907). The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *see also Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 796

(10th Cir. 2013) (unpublished) (explaining that a case was properly removed where "the complaint fails to state a colorable cause of action" against the nondiverse defendant).

To establish fraudulent joinder, the removing party has the "heavy burden" to prove either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a claim against the nondiverse party in state court. *Dutcher*, 733 F.3d at 988. Here, American Strategic argues the latter. [*See* Doc. No. 24 at 5–8].

If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* In contrast, the nonliability of the defendant alleged to be fraudulently joined must be established with "complete certainty." *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *see Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (same).

Importantly, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted). In this context, courts are not "compelled to believe whatever the plaintiff says in his complaint." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). Courts are free to disregard conclusory allegations. *Id.* at 883 (explaining that where the plaintiff "makes conclusory allegations," the claim "was without merit and did not prevent removal"). "'[F]ederal courts may look

4

beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id.* at 881 (quoting *Smoot*, 378 F.2d at 881–82).

The analysis is not a mini-trial or pre-trial where the Court weighs the evidence and makes a merits-based determination. As the Tenth Circuit has stated, "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)). Finally, the Court resolves "all disputed questions of fact and all ambiguities in the controlling [state] law in favor of the non-removing party." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

### III.  ANALYSIS

Plaintiff asserts two causes of action against Schwane—constructive fraud/negligent misrepresentation and gross negligence. [Doc. No. 18 ¶¶ 24–44]. The Court will consider Plaintiff's allegations regarding each claim to determine whether Plaintiff is able to assert a claim against Schwane in state court. In this diversity action, the Court must determine if Plaintiff's claims have a reasonable basis in state court, thus applying Oklahoma law.

As a preliminary matter, the Court addresses American Strategic's argument that the Court must consider Plaintiff's claims as presented at the time of removal in her petition, rather than as presented in her First Amended Complaint, filed after removal. [Doc. No. 24 at 4–5]. American Strategic states that the difference between the petition

5

and the First Amended Complaint is that in the petition Plaintiff alleges "Schwane is a claims adjuster employed by [American Strategic] and inspected/adjusted Plaintiff's Claim on [American Strategic's] behalf." [*Id.* at 2 (citing Doc. No. 1-3 at 6)]. Whereas in the First Amended Complaint, Plaintiff alleges "Schwane was engaged as an independent/third-party adjuster by [American Strategic] to support its Scheme of wrongfully underpaying and denying valid wind and hailstorm claims." [*Id.* (citing Doc. No. 18 ¶ 8)]. Because the Court's analysis does not hinge on whether Schwane served as an employee of American Strategic or as an independent/third-party adjuster, the Court concludes it is immaterial whether the Court considers the petition or the First Amended Complaint.

  **A.** **American Strategic has shown that Plaintiff does not have a reasonable basis for her constructive fraud/negligent misrepresentation claim against Schwane.**

The Court first considers whether American Strategic has demonstrated that Plaintiff lacks a reasonable basis for a constructive fraud/negligent misrepresentation claim against Schwane. "Under Oklahoma law, constructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]'" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (last bracket in original) (quoting 15 Okla. Stat. § 59). Accordingly, Plaintiff must plead facts which demonstrate (1) Schwane breached a duty

to Plaintiff, (2) Schwane benefited from that breach, and (3) Plaintiff suffered prejudice as a result of the breach.

Plaintiff does not have a reasonable basis for her constructive fraud/negligent misrepresentation claim against Schwane for two reasons. First, Plaintiff has not cited to any legal basis under Oklahoma law for the duties she alleges Schwane owed to her. *See Howell v. Texaco Inc.*, 2004 OK 92, ¶ 29, 112 P.3d 1154, 1161 ("Constructive fraud may be based on either an equitable duty or legal duty."). Plaintiff states that Schwane had the following duties to Plaintiff: a duty to conduct a full, fair, thorough and timely investigation; to conduct an inspection as a reasonable and ordinarily prudent person would; to exercise reasonable diligence and skill in investigating and evaluating the damages to Plaintiff's property; the duty in undertaking adjusting of the Plaintiff's claim with disclosure of the damages incurred and to use reasonable care, skill, and diligence to do so; the duty to speak accurately and truthfully; to disclose any damage and other conditions that, if a claim were made, would trigger coverage; and the duty to disclose all material facts relating to the Plaintiff's claim and American Strategic's scheme as outlined within the First Amended Complaint. [Doc. No. 18 ¶ 29]. Whereas Plaintiff alleges American Strategic's duties to Plaintiff arose pursuant to the duties of good faith and fair dealing an insurer owes to an insured, Plaintiff does not cite to a legal basis for the duties it argues Schwane owed Plaintiff. [*See id.*]. To the extent Plaintiff relies upon Schwane's alleged misrepresentations/omissions as a basis for her constructive fraud claim, there must still be a duty by Schwane to Plaintiff that he breached by being untruthful. [*See* Doc. No. 19 at 8–9]. *See* 15 Okla. Stat. § 59 ("Constructive fraud consists

7

. . . [of] any *breach of duty* which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him" (emphasis added)); *Sutton v. David Stanley Chevrolet, Inc.*, 2020 OK 87, ¶ 14, 475 P.3d 847, 854, *as corrected* (Oct. 21, 2020) ("When dealing with alleged omissions and partial disclosures, the first question is always whether there was a duty upon the actor to disclose the whole truth."). To the extent Plaintiff claims Schwane's duty to speak truthfully arose from his decision to speak regarding the Insured Property, the Court concludes, as outlined below, that Plaintiff did not detrimentally rely on any misrepresentations/omissions by Schwane. [*See* Doc. No. 19 at 9 ("Oklahoma law is clear that liability attaches when parties choose to speak yet fail to do so with honesty or thereby create a false impression by selectively disclosing facts.")].

Second, Plaintiff has not alleged facts that Plaintiff relied upon Schwane's misrepresentations/breaches of duty to her prejudice. In order to show the third element of a constructive fraud claim, Plaintiff needs to allege facts illustrating her detrimental reliance. *See Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1259 (W.D. Okla. 2012) ("To be actionable, however, constructive fraud like actual fraud 'require[s] detrimental reliance by the . . . complaining [parties].'") (alterations in original) (quoting *Howell*, 2004 OK 92, ¶ 32, 112 P.3d at 1161). Plaintiff claims Schwane breached his duty to her in the following ways: by misrepresenting that he had conducted a full and reasonable inspection of the Insured Property, by misrepresenting that he had conducted an unbiased and objective inspection of the Insured Property, by

misrepresenting the damages incurred to the Insured Property and failing to disclose damages incurred that would have triggered policy benefits and coverage, and failing to disclose American Strategic's bad faith handling of claims. [Doc. No. 18 ¶ 30]. Plaintiff then states the following regarding her detrimental reliance: "As a result of both Defendants [sic] breach of duty, each gained an advantage by misleading Plaintiff to substantial detriment and prejudice. These breaches of duty induced Plaintiff to accept, purchase, and renew the American Strategic replacement cost policy." [*Id.* ¶ 33]. All of Schwane's alleged breaches, however, are unrelated to Plaintiff's acceptance, purchase, or renewal of her policy. Plaintiff's allegations regarding Schwane relate to his inspection and assessment of the Insured Property and American Strategic's related claim denials. [*See id.* ¶ 30]. Accordingly, Plaintiff has not pled facts demonstrating that she detrimentally relied upon Schwane's alleged misrepresentations or failures.

For these reasons, Plaintiff lacks a reasonable basis for her constructive fraud/negligent misrepresentation claim against Schwane.

> **B.     American Strategic has demonstrated that Plaintiff does not have a reasonable basis for her gross negligence claim against Schwane.**

Next the Court considers whether American Strategic has shown that Plaintiff lacks a reasonable basis for her gross negligence claim against Schwane. To state a claim for gross negligence, Plaintiff must plead facts supporting (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty, and (3) plaintiff's injuries were proximately caused by the defendant's failure

9

to exercise his duty of care. *Thompson v. Presbyterian Hosp., Inc.*, 1982 OK 87, ¶ 7, 652 P.2d 260, 263.

Plaintiff claims that "[o]nce Schwane began inspecting Plaintiff's Insured Property, he had a duty to conduct such inspection as a reasonable and ordinarily prudent person would do." [Doc. No. 18 ¶ 39]. Like Plaintiff's constructive fraud/negligent misrepresentation claim, Plaintiff does not cite a basis in Oklahoma law for the imposition of such a duty upon an adjuster for the benefit of an insured. [*See id.*; Doc. No. 19 at 11 ("Plaintiff has alleged that once Schwane began inspecting Plaintiff's Insured Property, he had a duty to conduct such inspection as a reasonable and ordinarily prudent person would do. Plaintiff alleged that Schwane breached this duty by failing to reasonably and accurately inspect the Insured Property and by failing to disclose the actual damages to the Insured Property."). Accordingly, without a basis in Oklahoma law for the imposition of such a duty, the Court cannot conclude that Plaintiff has a reasonable basis for her gross negligence claim against Schwane.

## IV.    CONCLUSION

Plaintiff does not have a reasonable basis for either her constructive fraud/negligent misrepresentation claim or for her gross negligence claim against Schwane. Accordingly, the Court DENIES Plaintiff's Motion to Remand. Because American Strategic has an adequate basis for asserting fraudulent joinder, the Court DENIES Plaintiff's request for attorney fees and costs. The Court DISMISSES Plaintiff's

claims against Schwane without prejudice but without leave to amend in this action.[2] In light of this order, the Court DENIES as moot Schwane's Motion to Dismiss. [Doc. No. 27].

    IT IS SO ORDERED this 24th day of November 2025.

                                                 *[signature]*
                                                 JODI W. DISHMAN
                                                 UNITED STATES DISTRICT JUDGE

---

[2] *See Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 796 (10th Cir. 2013) (unpublished) (explaining that "[o]nce it determined that [the nondiverse defendant] had been fraudulently joined," the district court "was required to dismiss him from the case without prejudice").