IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA PEREFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  CIV-25-00383-JD |
| | ) |
| AMERICAN STRATEGIC INSURANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant American Strategic Insurance Corporation's Unopposed Motion for Admission Pro Hac Vice to allow LaDonna G. Schexnyder to represent Defendant for purposes of this action ("Motion"). [Doc. No. 36]. The Motion is made by Carin L. Marcussen, a Texas attorney with offices in Houston, Texas, who was relieved by this Court from the requirements of associating with local counsel contained in Local Civil Rule 83.3. [Doc. No. 3].

The Motion fails to meet the requirements of the Local Civil Rules. The Local Civil Rules state that "[i]t is the responsibility of local counsel appearing in any civil case to file the motion of the non-resident attorney to be admitted pro hac vice and to certify in the motion that the non-resident attorney is a member in good standing of the bar of the highest court of the state where the non-resident attorney resides or is licensed." LCvR83.3(b).

The Motion is not presented by local counsel. The Court's prior order relieving Ms. Marcussen from associating with local counsel [Doc. No. 3] does not mean that Ms.

Marcussen is now "local counsel." All that the Court's prior order did was provide Ms. Marcussen and Defendant relief from the requirements under LCvR83.3(c).

The Local Civil Rules define "local counsel" as "an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this court." LCvR83.3(a). Ms. Marcussen's motion for relief from LCvR83.3(a) [Doc. No. 2] confirms that she neither maintains an office nor has residency in Oklahoma. She is therefore not local counsel.

Should counsel desire relief from LCvR83.3, they should so move under Local Civil Rule 83.3(c) (if "financial hardship, special qualifications of non-resident counsel, or other good cause" can be established) and should then otherwise comply with the requirements of Local Civil Rule 83.3 regarding pro hac vice motions and the Local Civil Rules in general. Defendant and counsel are cautioned to comply with the Local Rules of this Court for all future motions in this action. The Court DENIES the Motion without prejudice.[1]

IT IS SO ORDERED this 19th day of February 2026.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JODI W. DISHMAN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Defendant labeled Exhibit No. 1 to its Motion as Exhibit A. "Exhibits and attachments that are filed electronically shall be submitted as separate attachments to the document and shall be clearly labeled with the appropriate exhibit number (*e.g.,* Exhibit 1, Exhibit 2). Do not use alphabetical or alpha-numeric designations for exhibits." *See ECF Policies & Procedures Manual*, § II.A.4.a.